Krista M. Enns (SBN: 206430)
kenns@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Darren Oved (*pro hac vice* forthcoming)
darren@ovedlaw.com
OVED & OVED LLP
401 GREENWICH STREET
NEW YORK, NY 10013
Telephone: (212) 226-2376
Facsimile: (212) 226-7555

Attorneys for Defendant
DIRECT BUY ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN D. KEARNEY, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>DIRECT BUY ASSOCIATES, INC., a New York Corporation, d/b/a DIRECT BUY AUTO WARRANTY, DIRECT BUY WARRANTY, and DOES 1 to 20, inclusive,<br><br>            Defendants. | **Case No. 14-4965**<br><br>**(Los Angeles County Superior Court, Central Civil West Case No. BC539094)**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 AND 1441** |

1
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF BRYAN D. KEARNEY AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Direct Buy Associates, Inc. ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a) ("CAFA"), and 1441 for the following reasons:

## INTRODUCTION

This case is hereby removed from state court to federal court because there is complete diversity of citizenship between the parties to this action and the alleged amount in controversy exceeds $5,000,000. Therefore, this Court has jurisdiction under 28 U.S.C. § 1332.

## I.   THE STATE COURT ACTION

On March 11, 2014, Plaintiff Bryan D. Kearney filed his class action complaint in the Superior Court of California in and for Los Angeles County entitled <u>Bryan D. Kearney v. Direct Buy Associates, Inc.</u>, *et al.* as Case No. BC539094 ("Complaint"). The Complaint alleges six causes of action against Defendant: (1) Unfair Competition – Bus. & Prof. Code Section 17200; (2) Consumer Legal Remedies Act – Injunctive Relief Only; (3) Unfair Competition – Bus. & Prof. Code Section 17200; (4) Consumer Legal Remedies Act – Injunctive Relief Only; (5) Fraud; and (6) False Advertising – Cal. Bus. & Prof. Code § 17500 *et seq*. A true and correct copy of the Complaint and Civil Coversheet is attached hereto as Exhibit "A" and the Summons is attached hereto as Exhibit "B."

Service of the Summons and Complaint was effectuated on May 26, 2014. The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under applicable state law. *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Plaintiff sent copies of the Complaint and Summons to Defendant via certified mail on May 16, 2014, and such service was effective ten days later on May 26, 2014, pursuant to California Code of Civil Procedure § 415.40. Therefore, this Notice of Removal is filed with this Court within 30 days after service of the Summons and Complaint was deemed effective, in accordance with 28 U.S.C. § 1446(b).

## II. DIVERSITY JURISDICTION

The state court action is a civil action of which this Court possesses diversity jurisdiction under 29 U.S.C. § 1332. The state court action is properly removable to this Court in that it is a civil action between citizens of different states in which the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, as explained below.

### A. The Parties' Citizenship

There is complete diversity of citizenship because the operative parties, Plaintiff and Defendant, are citizens of different states.

Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. Ex. A ¶ 6.

Defendant was at the time of the filing of this action, and still is, a citizen of a state other than California. As alleged in the Complaint, Direct Buy Associates, Inc. is incorporated in New York and maintains its principal place of business outside of California. Accordingly, Defendant was and is a citizen of a state other than California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State where it has its principal place of business . . . .").

Any potential "Doe" defendants shall be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

### B. The Amount in Controversy

While denying that Plaintiff and/or the purported class can recover in this action, the amount Plaintiff and the purported class seek exceeds $5,000,000 set forth in 28 U.S.C. § 1332 (as amended by CAFA), exclusive of interest and costs. Among other things, Plaintiff "requests an order from the Court requiring DIRECT BUY to pay restitution of any monies as may be necessary to restore to any person any money or property which may have been acquired" on his own behalf an on behalf of the class. Exhibit A (Complaint) *Id.* ¶ 60; *see also id.* Prayer for Relief ¶ (d) (seeking an award of restitution for plaintiff and the class). It appears that he is seeking restitution of the cost of his Vehicle Service Contract, which he alleges to be approximately $1,900. *Id.* ¶ 21. He further contends that he "believes that the total number of class members is at least in the thousands." *Id.* ¶ 40. Assuming—as Plaintiff does—that the total number of class members is "at least in the thousands" and that each—like Plaintiff—spent $1,900 on a Vehicle Service Contract, Plaintiff appears to be seeking at least $5,000,000 in restitution. Therefore, the amount in controversy exceeds the jurisdictional minimum set forth in Section 1332 (as amended by CAFA).

### III. COMPLIANCE WITH STATUTORY REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(a), Defendant attaches true and correct copies of the Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum (Exhibit A), Summons (Exhibit B), Notice of Case Assignment (Exhibit C), Voluntary Efficient Litigation Stipulations (Exhibit D), CLRA Letter (Exhibit E), Notice and Acknowledgement of Receipt Forms (Exhibit F), Notice of Court Order Re: Newly Assigned Complex Case; Ruling Re: Complex Determination and Filing of Complex Fee; Notice of Initial Status Conference (Exhibit G), Notice of Initial Status Conference Time Change (Exhibit H), Joint Initial Status Conference Report (Exhibit I), and Notice of Ruling Re: Initial Status Conference (Exhibit J). These are the process, pleadings, or orders in the State Court's file that have been served on Defendant up to the date of filing this Notice of Removal.

In accordance with 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to Frederick S. Schwartz, counsel of record for Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

Dated: June 25, 2014         WINSTON & STRAWN LLP

By: /s/ Krista M. Enns
Krista M. Enns
Attorneys for Defendant
DIRECT BUY ASSOCIATES, INC.